IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00541-BNB

SOLOMON BOWENS,

     Plaintiff,

v.

TOM CLEMENTS, Sterling Correctional Facility Director,
KEVIN MILLYARD, Warden, Sterling Correctional Facility Medical Department/Staff,
JOHN DOE #1, Head Doctor, and
JOHN DOE #1, Head Doctor, individually and in their official capacities,

     Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Solomon Bowens, currently is incarcerated at the Denver Van Cise-Simonet Detention Center.  He initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1).  On May 20, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Bowens to file within thirty days an amended Prisoner Complaint on the proper, Court-approved form that sued proper parties, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and asserted the personal participation of each named Defendant in the alleged constitutional violations.  See ECF No. 10.

On June 26, 2013, Mr. Bowens filed an amended Prisoner Complaint (ECF No. 14) asserting an Eighth Amendment claim of deliberate indifference to his serious medical needs and three supplemental state law claims.  *See* 28 U.S.C. § 1367(a).  He seeks declaratory and injunctive relief and money damages.  The amended complaint is not on the proper, Court-approved form, but will not be dismissed for that reason.

Mr. Bowens has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Mr. Bowen's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in part as legally frivolous and in part for failure to provide sufficient information for service.

The Court must construe the amended Prisoner Complaint liberally because Mr. Bowens is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Bowens asserts four claims that arise out of his medical treatment, or lack thereof, from 2006 to 2011, when he was an inmate in the custody of the Colorado Department of Corrections (DOC) and incarcerated at the correctional facility in Sterling, Colorado.  He complains he suffers from multiple sclerosis, had "numerous physical appointments," ECF No. 14 at 3, submitted "multiple grievances" requesting medical treatment, and maintains he was refused proper care because he "'appeared' healthy." *Id.*

Mr. Bowens is suing the late Tom Clements in his supervisory capacity as DOC executive director, Warden Kevin Millyard in his supervisory capacity as warden and for allegedly denying Plaintiff's grievances, and the John Doe ## 1 and 2 doctors, who he contends failed to continue the Rebif 44 injections for multiple sclerosis prescribed by his primary care physician.

In the May 20 order for an amended complaint, Magistrate Judge Boland informed Mr. Bowens he must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). He explained that to establish personal participation, Mr. Bowens must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Magistrate Judge Boland emphasized there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). He explained that a defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). He further explained that a supervisor is only liable for constitutional violations he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010). For these reasons, Mr. Bowens may not sue Tom Clements in his supervisory capacity as DOC executive director or Warden Kevin Millyard in his supervisory capacity as warden.

In addition, to the extent Mr. Bowens is suing Mr. Millyard or any Defendant for denying grievances as to his claims, the claims fail. "The denial of a grievance, by itself

without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir.2012) (quotation omitted); *see also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009); *Whitington v. Ortiz*, 307 Fed. App'x 179, 193 (10th Cir.2009).  In *Stewart*, a prisoner pointed to evidence of the prison warden's knowledge of the alleged constitutional violation, yet he denied an appeal of his grievance.  The United States Court of Appeals for the Tenth Circuit (Tenth Circuit) concluded, "Whatever knowledge [the warden] may have had when he denied the appeal, his only involvement was to deny the grievance appeal, which is insufficient for § 1983 liability." *Id.* at 1328.  In addition, "[merely sending grievances to a warden is not enough to attach liability." *See Phillips v. Tiona*, No. 12-1055, 2013 WL 239891 at *6 (10th Cir. 2013) (not published). Therefore, the claims against Messrs. Clements and Millyard will be dismissed.

Mr. Bowens does not allege he is in DOC custody, and a review of the inmate locator on the DOC website, www.doc.state.co.us, reveals that he currently is not a DOC inmate.  Therefore, Mr. Bowens lacks standing to seek declaratory or injunctive relief unless he can demonstrate good chance of being likewise injured in the  future. *See Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991).  Since Mr. Bowens no longer is in DOC custody, he fails to demonstrate a good chance of being likewise injured in future, and his claims for declaratory and injunctive relief are moot.  *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).

Therefore the only remaining claims are those for damages against the John Doe doctors.  Mr. Bowens was informed in the May 20 order that he may use fictitious names, such as "John or Jane Doe," if he did not know the real names of the individuals

who allegedly violated his rights.  However, Magistrate Judge Boland warned Mr.

Bowens if he used fictitious names he must provide sufficient information about each

defendant so that he or she could be identified for purposes of service.

Mr. Bowens only has identified John Doe #1 as a black male medical doctor and

John Doe #2 as a white medical doctor, both of whom allegedly were contracted by the

DOC to work at Sterling Correctional Facility.  This information is insufficient for

purposes of service.  In order to pursue claims against these Defendants, Mr. Bowens

either must provide their names and/or more specific identifying facts.  He must, for

example, "explain what each defendant did to him or her; when the defendant did it;

how the defendant's action harmed him or her; and, what specific legal right the plaintiff

believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d

1158, 1163 (10th Cir. 2007).  He also must provide the addresses for these Defendants.

Because Mr. Bowens has failed to provide sufficient information for service on John

Does ## 1 and 2, they will be dismissed without prejudice.  Mr. Bowens may pursue his

claims against these Defendants in a separate action, so long as he provides sufficient

service information.  For all the reasons stated above, the Prisoner Complaint will be

dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Mr. Bowens files a notice of appeal he also must pay the full

$455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United

States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed.

R. App. P. 24.  Accordingly, it is

ORDERED that the claims asserted against Defendants Tom Clements and

Kevin Millyard are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally

frivolous.  It is

FURTHER ORDERED that the claims for declaratory and injunctive relief are

dismissed as moot.  It is

FURTHER ORDERED that the claims for money damages asserted against

Defendants John Doe #1 and John Doe #2 are dismissed without prejudice.  It is

FURTHER ORDERED that the action is dismissed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  8th  day of ____ July _____, 2013.

BY THE COURT:


        s/Lewis T. Babcock
        LEWIS T. BABCOCK, Senior Judge
        United States District Court